IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

RUDY MOISES GONZALEZ FERNANDEZ,   )
                                  )
            Petitioner,           )
                                  )
      v.                          )          1:26-cv-39 (LMB/IDD)
                                  )
PAMELA BONDI, et al.,             )
                                  )
            Respondents.          )

ORDER

Before the Court is petitioner Rudy Moises Gonzalez Fernandez's ("Gonzalez") Motion

for Order to Show Cause ("Motion"), in which he seeks enforcement of the Court's January 15,

2026, Order requiring the federal respondents to provide him with an individualized bond

hearing pursuant to 8 U.S.C. § 1226(a). Although Gonzalez received a bond hearing on January

21, 2026, in response to the Court's January 15, 2026, Order, he contends that the Immigration

Judge's decision to deny his request for release on bond violated due process. The federal

respondents have filed an opposition, and Gonzalez has filed a reply. For the reasons stated

below, Gonzalez's Motion will be granted in part.

Section 1226(a) governs the detention of certain noncitizens "already present in the

United States" pending the outcome of removal proceedings. Jennings v. Rodriguez, 583 U.S.

281, 303 (2018). Although § 1226(a) permits the Attorney General to detain noncitizens during

removal proceedings, "the [Immigration and Nationality] Act and the regulations adopted to

implement its authority afford aliens three opportunities to seek release from detention" either on

a monetary bond or on conditional parole.[1] Miranda v. Garland, 34 F.4th 338, 346 (4th Cir.

---

[1] As the Fourth Circuit has stated, the Court occasionally uses the term "alien" because Congress
has used the term in the text of the applicable statutes and regulations. The Court's "use of the

2022). The first opportunity is with an immigration officer, who is authorized to release a noncitizen on bond or conditional parole if he "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). "If an immigration officer denies bond, sets bond at an amount the alien believes is too high or sets alternative conditions to bond the alien contends are unreasonable, an alien may appeal the officer's bond determination to an immigration judge, giving the alien a second opportunity at release." Miranda, 34 F.4th at 346 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19(a), 1236.1(d)(1)). The "third opportunity comes if an alien is not satisfied with the immigration judge's decision," at which time the noncitizen "may appeal to the Board of Immigration Appeals ["BIA"] for another review." Id. at 346–47 (citing 8 C.F.R. §§ 236.1(d)(3), 1003.19(f), 1236.1(d)(3)). "At each step in this process, the government requires the [noncitizen] to prove that he or she is not a danger to the community or a flight risk." Id. at 347 (citing 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8)).

In conducting a § 1226(a) bond hearing, an Immigration Judge "may look to a number of factors," including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

---

term 'alien' is not intended to express any opinion, pejorative or otherwise, about the [petitioner] in this action or others challenging their detention under our immigration laws." Miranda v. Garland, 34 F.4th 338, 345 n.1 (4th Cir. 2022).

In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006). "These factors provide a non-exhaustive, but flexible menu of considerations relevant to detention decisions." Miranda, 34 F.4th at 362. And of course, the procedures used by federal immigration officials to deny a noncitizen's request for release on bond must always comply with fundamental principles of due process. See id. at 359 (applying the Mathews v. Eldridge "balancing test to evaluate due process challenges to the procedures used by the government under § 1226(a)").

The following facts are derived from the pleadings, the exhibits, and the audio recording of the January 21, 2026 bond hearing, which the federal respondents have provided to the Court. Gonzalez is a native and citizen of El Salvador. [Dkt. No. 1] at ¶ 19. He has resided in the United States since 2012, and on November 13, 2025, he was arrested by ICE in Virginia. Id. ¶¶ 19, 22. On January 7, 2026, Gonzalez filed a Petition for Writ of Habeas Corpus ("Petition"), arguing that he was entitled to a § 1226(a) bond hearing. [Dkt. No. 1]. In response, the federal respondents filed a pleading indicating that Gonzalez's Petition did "not differ in any material fashion" from the factual and legal issues presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818-LMB-WEF (E.D. Va.), in which the Court determined that an individual who had been present in the United States for several years was not detained under 8 U.S.C. § 1225(b)(2) but rather detained under § 1226(a), thus entitling him to a bond hearing. [Dkt. No. 6]. On January 15, 2026, the Court entered an Order finding that Gonzalez's detention was governed by § 1226(a) and directing the federal respondents to provide him with a standard bond hearing. [Dkt. No. 7]. The Court also ordered Gonzalez's prompt release from custody pending that bond hearing. Id.

On January 21, 2026, Gonzalez appeared with counsel via video conference for his scheduled bond hearing before Immigration Judge Robert K. Lundberg in the Annandale Immigration Court. [Dkt. No. 10] at ¶ 2; see also [Dkt. No. 10-3 at 1. Gonzalez argued that he

3

should be released on bond because he presents neither a flight risk nor a danger to the community, citing his lack of criminal history, his pending application for relief,[2] his fixed address, and immediate family ties to his United States citizen child. Gonzalez provided the Immigration Judge with his 2013-2024 federal and state tax returns; letters of support from friends, family, and community members; evidence of his fixed address via property ownership of a mobile home; and documents indicating that his child is developmentally delayed. The Department of Homeland Security ("DHS") attorney argued that Gonzalez should be detained pending the removal proceedings because Gonzalez did not file for relief until he was detained by immigration officials. Gonzalez's counsel responded, and the Immigration Judge issued an oral ruling:

> There is—while he does have ties to the United States, Counsel, that does tend to cut both ways. He has been here, not only for a long period of time, he's done so in violation of the immigration laws of the United States. If he had demonstrated more significant potential eligibility for relief, the Court may consider setting a bond. But the Court is going to decline to set bond at this time. And based on his failure to demonstrate that he is not a risk of flight. . . .
>
> To the Respondent through the interpreter: Sir, the Court has heard from the attorneys and is denying the request for bond. The Court has concluded you have not demonstrated or met your burden to demonstrate that you are not a risk of flight based in large part, but not wholly, on failure to demonstrate prima facie eligibility for relief. Your attorney has reserved appeal. So he can provide more information about the Court's decision after the hearing today.
>
> [Dkt. No. 10-4] at 9-11 (Transcript of January 21, 2026 Bond Hearing).

The Immigration Judge did not make a ruling as to Gonzalez's re-detention. According to the federal respondents, Gonzalez has been released from detention since the Court entered the January 15, 2026, Order. That the Immigration Judge did not order the petitioner to be re-

---

[2] It is unclear from the record before the Court when Gonzalez filed his application for Cancellation of Removal for Non-Permanent Resident.

4

detained is strong evidence that he is not a flight risk. On February 11, 2026, Gonzalez appealed the decision denying him bond to the Board of Immigration Appeals ("BIA"). [Dkt. No. 10] at ¶ 12. On February 12, 2026, Gonzalez filed the pending Motion, which seeks enforcement of this Court's January 15, 2026, Order and contends that the bond hearing he received did not comply with procedural due process requirements. [Dkt. No. 10].

Because Gonzalez has filed an appeal with the BIA, it is inappropriate for the Court—at this time—to address the adequacy of the January 21, 2026, bond hearing; however, to ensure that Gonzalez is not re-detained while his appeal is pending, his Motion, [Dkt. No. 10], is GRANTED IN PART; and it is hereby

ORDERED that the federal respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from re-detaining Gonzalez unless he (1) commits a violation of any federal, state, or local law; (2) fails to notify the federal respondents of any change of address; (3) fails to attend a properly noticed immigration hearing; or (4) is subject to a valid, final order of removal.

The Clerk is directed to forward a copy of this Order to counsel of record and to close this civil action.

Entered this 24 day of March, 2026.

Alexandria, Virginia

_____/s/_____
Leonie M. Brinkema
United States District Judge

5